**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ANTHONY L. COOPER,**

    **Plaintiff,**

**vs.**                                **Case No. 4:17cv75-MW/CAS**

**JACKSONVILLE SHERIFF'S
OFFICE TRANSPORT DEPT.,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case in late January 2017, in the United States District Court, Middle District of Florida. The case was opened in that court as case number 3:17cv103, and transferred to this Court in early February 2017. ECF Nos. 1-3.

Plaintiff's case initiating document is titled as an "emergency injunctive - relief." ECF No. 1. Plaintiff asserts that administrators and doctors at the Florida State Hospital have now deemed him competent and he requests that he be transported by the Jacksonville Sheriff's Office back to Duval County, Florida for proceedings in "the grand theft case crime."

*Id.* Plaintiff makes the conclusory allegation that his "life is in danger to be killed murdered at hands of" staff and/or employees of the Florida State Hospital. *Id.* Plaintiff provides no facts supporting that claim.

Judicial notice is taken that Plaintiff has filed over twenty cases in the past few months. Because of the multitude of cases submitted, Plaintiff is aware that for any complaint filed, he must pay the filing fee or file a motion requesting leave to proceed in forma pauperis. Plaintiff did not do so.

Judicial notice is also taken that Plaintiff had been issue multiple court orders requiring him to explain the basis for his detention at the Florida State Hospital so it could be determined whether or not Plaintiff was a "prisoner" as defined by 28 U.S.C. § 1915(g). Plaintiff did not respond to those Orders. However, it was learned that Plaintiff had been transferred from the Duval County Jail to the Florida State Hospital. Cooper v. Peoples, Case No. 3:16-cv-876-MMH-MCR, ECF No. 2. Plaintiff was charged with committing grand theft in two cases in Duval County. *See* State v. Cooper, Duval County Circuit Court Case Nos. 16-CF-587 and 590 (identifying criminal defendant as Anthony Leonardo Cooper, offender number 2016-001598). Subsequently, Duval County Circuit Judge Steven B. Whittington declared Plaintiff incompetent to proceed due to mental

illness and committed Plaintiff to the Department of Children and Families to be placed in a mental health treatment facility.  Duval County Circuit Court Case Nos. 16-CF-587.

Based on that information, Plaintiff is deemed to be a "prisoner" as defined by 28 U.S.C. § 1915(h) (defining a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.").  If that information is no longer correct, Plaintiff may submit a motion for reconsideration of this Report and Recommendation.  Plaintiff <u>must</u> attach a copy of a Court Order which alters his detention status at the Florida State Hospital if he seeks to challenge the conclusion that he is a "prisoner" as defined by § 1915(h).

Additionally, judicial notice is taken that Plaintiff is a frequent filer who has had more than three cases dismissed pursuant to 28 U.S.C. § 1915(g). *See* case # 4:02cv76-RH (citing dismissed cases).  Plaintiff is not entitled to proceed with in forma pauperis status absent allegations which demonstrate he is in "imminent danger of serious physical injury."  *Id.*  Plaintiff's case initiating document is insufficient to demonstrate the

"imminent danger" requirement because he provides no facts which reveal he faces danger from any specific, identifiable person. Plaintiff made only a vague allegation that his life is in danger, and did so for the purpose of being removed from the Hospital, not specifically for protection from harm. That conclusory assertion is insufficient and appears to be nothing more than an attempt to proceed with in forma pauperis status, notwithstanding the fact that Plaintiff did not file a motion requesting leave to proceed in forma pauperis. Accordingly, this case should be dismissed.

If Plaintiff wishes to challenge some condition of confinement at the Florida State Hospital, Plaintiff must pay the filing fee at the time of case initiation. Alternatively, he must submit a complaint, on a proper complaint form, which contains clear allegations of imminent harm from an identifiable person who is physically located with Plaintiff.

Case No. 4:17cv75-MW/CAS

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g), and the Clerk of Court be directed to note the basis for dismissal on the Court's docket.

**IN CHAMBERS** at Tallahassee, Florida, on February 14, 2017.

 S/    Charles A. Stampelos    
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**